**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**IN ADMIRALTY**

**CASE NO.:**

In the Matter of Complaint of MYC Youth Sailing Foundation, Inc., as owner, and Miami Yacht Club, Inc., as owner *pro hac vice*, of a HOBIE GETAWAY Sailing Vessel for Exoneration or Limitation of Liability,

Petitioners.
______________________________________/

**PETITION FOR EXONERATION OR LIMITATION OF LIABILITY**

Petitioners, MYC YOUTH SAILING FOUNDATION, INC., as owner, and MIAMI YACHT CLUB, INC., as owner *pro hac vice*, of the Hobie Getaway, its Appurtenances, Equipment, etc. (hereinafter, "Petitioners"), hereby file this action for Exoneration or Limitation of Liability, and allege:

**JURISDICTION**

1. This is a civil action brought pursuant to 46 U.S.C. § 30529 seeking exoneration from or limitation of liability under 46 U.S.C. §§ 30501 – 30530.

2. The underlying incident involves a collision between a Sailing Vessel and a tug pushing a construction barge resulting in personal injuries and deaths.

3. The collision occurred in Biscayne Bay located within Miami-Dade County, Florida which is a part of the navigable waters of the United States.

4. The incident did, or had the potential to, disrupt maritime commerce.

5. This Court has admiralty subject matter jurisdiction pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h).

6. Venue is appropriate under Supplemental Admiralty Rule F(9) as the owner of the Sailing Vessel which is the subject of this civil action has been sued in Miami-Dade County, Florida and/or the Sailing Vessel is currently located within Miami-Dade County, Florida.

**THE PETITIONERS AND SAILING VESSEL**

7. MYC YOUTH SAILING FOUNDATION is a Florida not-for-profit corporation.

8. MYC YOUTH SAILING FOUNDATION's mission is to encourage all children and adults to experience the joy of recreational and/or competitive sailing and the essential elements of performance of boat handling, seamanship and racing.

9. As part of its mission, MYC YOUTH SAILING FOUNDATION offered a youth sailing camp wherein it, among other things, taught youths sailing and boat safety in the summer of 2025.

10. MYC YOUTH SAILING FOUNDATION is the owner of the Hobie Getaway (hereinafter, "Sailing Vessel").

11. MYC YOUTH SAILING FOUNDATION used the Sailing Vessel in its 2025 Summer Camp sailing instruction and activities.

12. MIAMI YACHT CLUB is a Florida not-for-profit corporation.

13. MIAMI YACHT CLUB is the owner *pro hac vice* of the Sailing Vessel as it exercised dominion and control over the Sailing Vessel.

14. There are no known liens or encumbrances on the Sailing Vessel.

15. At all times material hereto, the Sailing Vessel was in all respects tight, strong, staunch, properly manned, equipped, supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

**THE COLLISION**

16. On July 28, 2025, the Sailing Vessel was engaged in an instructional voyage as part of MYC YOUTH SAILING FOUNDATION's Summer Camp (hereinafter, "Voyage").

17. The Sailing Vessel was operating upon the Inland Waters of the United States as it was operating shoreward of the navigational demarcation lines.

18. During the Voyage, the Sailing Vessel, was operated by a trained and experienced MYC YOUTH SAILING FOUNDATION counselor.

19. Five youth campers were aboard the Sailing Vessel.

20. During the Voyage, the wind decreased to a point where the Sailing Vessel either stopped all way, or could only slowly make way, and was otherwise restricted in her ability to maneuver.

21. While the Sailing Vessel was restricted in her ability to maneuver, a power-driven tug named *Wood Chuck*, bearing vessel identification number FLZN6951A291, was underway pushing a construction barge in the area.

22. The *Wood Chuck*, being a power-driven vessel underway, was required by 33 C.F.R. §83.18(1) to keep out of the Sailing Vessel's way.

23. The *Wood Chuck* was also required by 33 C.F.R. §83.05 to maintain a proper look-out by sight and hearing as well as all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision.

24. The *Wood Chuck* failed to maintain a proper look-out and/or keep out of the way of the Sailing Vessel as required by 33 C.F.R. §§ 83.05 and 83.18(1) and collided with the Sailing Vessel causing personal injuries and deaths.

25. The negligence and/or failure to comply with the Inland Navigation Rules by the operator of the *Wood Chuck* was the sole cause of the collision and resulting injuries and deaths.

26. The collision was not caused or contributed by any fault, neglect, or lack of care on the Petitioners, the Sailing Vessel, or other persons for whom Petitioners were, or are, responsible.

## ENTITLEMENT TO EXONERATION OR LIMITATION

27. Petitioners are to be exonerated from liability for all claims, deaths, injuries, damages, and destruction done, occasioned, or incurred by any reason of the matters aforesaid with regard to the collision.

28. In the alternative, and without admitting liability, in the event they, the Sailing Vessel, or any person for whom they may be found at fault and liable to any parties, Petitioners claim the benefit of limitation of liability as provided in 46 U.S.C. §§30504 – 30512 and all law supplementary thereto and amendatory thereof as such negligence or condition of the Sailing Vessel upon which fault was determined was not within the Petitioners' privity or knowledge.

29. On July 28, 2025, the Sailing Vessel has a value of Sixteen Thousand One Hundred Forty-Nine Dollars and Zero Cents ($16,149.00).

30. No freight was pending for the Voyage.

31. August 8, 2025, Petitioners received first written notice of a claim for damages concerning the Collision.

32. Petitioners will file security in appropriate form equal to that of Petitioners' interest in the Sailing Vessel immediately after the incident and/or at close of the voyage, together with interest at the rate of 6% per annum, from the date of the alleged incident, and for costs or transfer their interest in the Sailing Vessel to a Court appointed trustee for the benefit of the Claimants who appear in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners pray:

A. This Honorable Court enters an Order approving the security filed by Petitioners equaling Petitioners' interest in the Sailing Vessel immediately after the collision and/or at the end of its scheduled voyage as described above or such other amount that may be lawfully ordered by the Court, with interest as provided by law or appoint a trustee to accept Petitioners' interest in the Sailing Vessel.

B. That upon filing of the security or transfer of interest in the Sailing Vessel, the Court enter an order directing issuance of a notice to all persons, firms, and corporations claiming damage for any and all losses, damages, destructions, deaths, or injuries, resulting from the July 28, 2025 collision, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on the attorney for Petitioners on or before the date fixed by the Court in the notice or be forever barred or permanently enjoined from making or filing any such claims, to make due proof of their respective claims before this Court, and to appear and answer the allegations of this Petition according to the law and rules and practices of this Court on or before a certain time to be fixed by the notice.

C. That upon filing security or transfer of interest in the Sailing Vessel, the Court enter an Order staying prosecution of all suits and proceedings against Petitioners, to recover damages allegedly arising out of or resulting from the July 28, 2025 collision, described above, and from this time forward restraining commencement

of any suit, action, or legal proceeding of any claim arising out of the collision or Voyage described above.

D. That the Court enter judgment that Petitioners and the Sailing Vessel are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising out of the July 28, 2025 collision, or out of the voyage described herein and that accordingly, Petitioners be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident; in the alternative, if such liability is found to exist, that Petitioners' liability be limited to the amount of the value of Petitioners' interest in the Sailing Vessel and pending freight immediately after the above-mentioned July 28, 2025 collision, and that the money or security paid be divided pro rata among such Claimants as they may duly prove their claims before this Court, saving to all parties any priorities they may be legally entitled to; and that a judgment and decree be entered discharging Petitioners and the Sailing Vessel of and from all further liability and forever enjoining and prohibiting filing and prosecution of any claims against Petitioners or their property in consequence of or in connection with the matters and happening referred to in this Petition.

E. That Petitioners have such other and further relief, both equitable and general, to which they may show that they are justly entitled to receive.

**DATED: January 12, 2026**

COLE, SCOTT & KISSANE, P.A.
*Counsel for Petitioners*
*MYC Youth Sailing Foundation, Inc. &*
*Miami Yacht Club, Inc.*
Cole, Scott & Kissane Building
9150 S Dadeland Boulevard, Suite 1400
Miami, Florida 33256
Telephone (786) 268-6426
Facsimile (305) 373-2294
Email: Richard.rusak@csklegal.com
Tyler.canfield@csklegal.com
Alaire.bretz@csklegal.com
Josea.rodriguez@csklegal.com
Wanda.monteverde@csklegal.com

By: *s/ RICHARD D. RUSAK*
RICHARD D. RUSAK
Florida Bar No.: 614181
TYLER J. CANFIELD
Florida Bar No.: 1042023
ALAIRE B. BRETZ
Florida Bar No.: 1044300